**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-mj-613-SH** |
| | ) | |
| **KOURTNEY DAWN HALEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

Upon the unopposed motion of the United States for a protective order (Dkt. #17), the Court is fully advised as to the nature of this case. The Court finds that the government must provide discovery materials that reference informants and/or cooperating witnesses and other investigative materials for purposes of the trial of the above-captioned case. Accordingly, the Court issues this protective order as follows:

IT IS HEREBY ORDERED that the government attorneys are protected if they disclose to counsel for the above, prior to trial, investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. §3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963).

IT IS FURTHER ORDERED that the government shall identify and designate specific sensitive discovery materials as "Protected Discovery." Protected Discovery materials shall include any and all information that the government has a good faith belief specifically references an informant or cooperating witness. The government shall also

identify and designate files recovered from electronic devices, such as cell phone and computers, that contain large amounts of information which often include Personally Identifiable Information (PII) of parties, witnesses, or other individuals.

IT IS FURTHER ORDERED that the government shall provide the Protected Discovery to defense counsel for purpose of the trial in the above captioned case. The Court prohibits the defense counsel from showing the Protected Discovery to anyone with the exception of the defendant, attorneys of record in this case and those persons hired by the attorney, including expert witnesses, who are necessary to assist counsel of record in preparation for trial.

IT IS FURTHER ORDERED that defense counsel shall not distribute the Protected Discovery to any person for any purpose other than that described in this paragraph. Defense counsel shall not reproduce the Protected Discovery to give to any persons, including the defendant, except for those persons hired by the attorney, including expert witnesses, who are necessary to assist counsel of record in preparation for trial. Defense counsel shall maintain complete custody and control over the Protected Discovery, including all copies, except that defense counsel shall be permitted to send, by secure electronic means, copies to persons hired by the attorney who are necessary to assist counsel of record in preparation for trial.

IT IS FURTHER ORDERED that defense counsel shall notify any party that is shown, or receives a copy of, the Protected Discovery pursuant to this Protective Order, that they are bound by the restrictions of this Order, that they need to keep the Protective Discovery secure, and that they must shred any copies of, and delete any electronic links

to, the Protected Discovery when the case is completed. The defense attorney, the defense team, and the defendant are bound by the requirements of this Protective Order in reference to display and distribution of the Protected Discovery.

IT IS FURTHER ORDERED that defendant may review Protected Discovery in the presence of defense counsel during attorney-client visits, but defendant is not allowed to keep or maintain a copy of the Protected Discovery.

IT IS FURTHER ORDERED that defense counsel is not prohibited from discussing the case with co-counsel or anyone defense counsel has hired to assist in the preparation of trial. Additionally, defense counsel is not prohibited from showing a witness his or her own statement or transcript.

ORDERED this 16th day of October, 2024.

SUSAN E. HUNTSMAN
UNITED STATES MAGISTRATE JUDGE